## MITCHEL vs. JEWELL.

APPEAL from the Court of the fourth district.

MATHEWS, J. delivered the opinion of the court. This suit is brought to recover damages, claimed in the petition to the amount of seven hundred dollars, on account of an alledged fraud said to have been practised by the defendant against the interest of the plaintiff, in the transfer of a certain slave, which took place by virtue of a marriage contract, between said plaintiff and the daughter of the defendant, whereby the latter delivered to the husband, a number of slaves as her dowry or marriage portion, at a price ascertained and fixed by appraisors.

A suit to rescind a contract on the ground of fraud, must be brought in two years.

The answer contains two pleas in bar or peremptory executions. 1. *res judicata.* 2. prescription. Judgment was rendered in favor of the defendant in the district court, from which the plaintiff appealed. The plea *res judicata* is founded on a judgment heretofore

rendered in this court on a former suit between the same parties, to the present action. That suit was, distinctly, a redhibitory action, in which the sale of the same slave Jack, (being the subject of the present contest) was sought to be annulled, and a demand made for restitution of his price; but in relation to him the judgment was against the plaintiff.

The present cause being submitted to a jury in the district court, the judge was requested to instruct them that the judgment, relied on by the defendant, did not form *rem judicatam* between the parties; which he refused to do, and the plaintiff took a bill of exceptions to his opinion, &c.

On this part of the proceedings in the inferior court, it is deemed unnecessary to express any decided opinion: because we believe, that the present cause of action, if it were not embraced by the former suit, is barred by prescription.

Perhaps a fair legal distinction between a redhibitory action, and one founded exclusively on allegations of fraud, does exist. If so, and the suit now under consideration be of the latter description, (and such we believe it to be,) the prescription of two years is a bar to

the action: more than that space of time has elapsed, since the alledged fraud and the inception of this suit. The defendant ought, therefore, to prevail on his second plea.—*Vide, Par.* 7, *tit.* 16, *law* 6.

But, if the cause of action, on which the present suit is founded, was included in the former, then the defendant's first plea is good and available in law; for the matter in dispute has been already adjudged.

In either view of the case, the plaintiff ought not to recover.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Duncan* for the plaintiff, *Livingston* for the defendant.

